IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PRECIOUS WILEY, Surviving Spouse of Randy B. Wiley, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-102 |
| | ) | |
| UNITED STATES GOVERNMENT; DEPARTMENT OF VETERANS AFFAIRS; and EISENHOWER ARMY MEDICAL CENTER, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff filed the above-captioned case on July 21, 2020, and because she is proceeding *pro se*, on July 22, 2020, the Court provided her with basic instructions regarding the development and progression of this case. (Doc. nos. 1, 3.) The Court explained Plaintiff is responsible for serving Defendants and explained how service could be accomplished. (Doc. no. 3, pp. 1-2.) The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), she had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of the case. (Id. at 2.) When the ninety days for effecting service under Fed. R. Civ. P. 4(m) expired and there was no evidence any Defendant had been served, the Court entered an Order directing Plaintiff to show cause why this case should not be dismissed without prejudice for failure to timely effect service. (Doc. no. 5.)

In response, Plaintiff returned a United States Postal Service receipt for three pieces of certified mail sent to two unidentified addresses in Augusta, Georgia, and one unidentified address in Washington, DC.  (Doc. no. 6.)    Plaintiff does not identify what was in the certified mail or a specific address where the certified mail was sent in Augusta or Washington, DC.    Plaintiff states only that she sent the mail to the "United States Government," "Department of Veterans Affairs," and "Eisenhower Army Medical Center." (Id. at 1.)  Nor has Plaintiff produced signed certified mail receipts showing who may have accepted the certified mail.

As the Court explained in the July 22, 2020 Order, (doc. no. 3), to serve agencies, corporations, officers, or employees of the United States subject to service under Fed. R. Civ. P. 4(i), Plaintiff must deliver a copy of the summons and the complaint, via registered or certified mail, to (1) the civil process clerk at the office of the United States Attorney for the Southern District of Georgia; (2) the Attorney General of the United States, Washington, D.C.; and (3) the officer or agency being sued.  Fed. R. Civ. P. 4(i)(1)-(2).  There is no indication in the complaint that any of the three named Defendants - the United States Government, a federal agency, and an army medical center - would not be subject to service under Rule 4(i).  The unsigned, certified mail receipts do not establish compliance with Rule 4(i), as there is no indication Plaintiff served, via certified mail, the civil process clerk at the office of the United States Attorney for the Southern District of Georgia or the United States Attorney General.  Simply put, the documents do not show that summons have been returned executed or valid service has been accomplished.

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant any further extension of the service period.  The

Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service.  Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action.  Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1993 Amd.).  There is no indication any Defendant may be attempting to evade service.  Nor is there any indication the statute of limitations may bar a refiled action.  Although the complaint does not list all dates of medical treatment provided, based on the information in the complaint, it appears Plaintiff's deceased husband was treated at the end of 2019 and passed away on February 3, 2020.  (Doc. no. 1, p. 7.)  See United States v. Kwai Fun Wong, 575 U.S. 402, 405 (2015) ("The Federal Tort Claims Act . . . provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." (citation omitted)).  Although the complaint does not indicate Plaintiff first presented her claim to the appropriate federal agency before filing her case in federal court, nothing about dismissal without prejudice for failure to timely effect service will impact Plaintiff's ability to argue any refiled action satisfies the applicable statute of limitations.

In sum, the responsibility for effecting service stands firmly with Plaintiff.  Despite having been provided with the information and tools needed to effect service, Plaintiff has not complied with the Federal Rules of Civil Procedure, as all litigants appearing in this Court are required to do.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.")  The Court warned Plaintiff that failure to

effect service within the ninety days allowed under Rule 4 could lead to dismissal of the entire case.  (See doc. nos. 3, 5.)  Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for failure to timely effect service.  See Dixon v. Blanc, 796 F. App'x 684, 686-87 (11th Cir. 2020) (*per curiam*); Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 5th day of November, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA